1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMZ, by and through her guardian ad litem JAZMIN ZARATE, as successor in interest to ERNESTO CANEPA, deceased and JAZMIN ZARATE, JUANA DIAZ, ERNESTO CANEPA ALVAREZ, individually,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CITY OF SANTA ANA, CHRISTOPHER SHYNN, and DOES 1 through 10, inclusive,<br><br>        Defendants.<br><br>AND ALL RELATED ACTIONS. | Case No.: SACV15-0851 JLS (DFMx) [and other consolidated actions]<br><br>**PROTECTIVE ORDER RE COURT ORDERED PRODUCTION** |

IT IS HEREBY ORDERED, following stipulation of counsel, that:

1. On June 13, 2016, plaintiffs filed a motion to compel production of documents responsive to certain of their Requests for Production of Documents propounded on the City of Santa Ana, including items related to internal investigations and the personnel file of Defendant Santa Ana Police Department ("SAPD") Officer Christopher Shynn (the "Confidential Documents"). See Pl's MTC, Doc. 52.

2. On July 6, 2016, Magistrate Judge Douglas F. McCormick issued an

order on the motion, which ordered the City of Santa Ana to produce certain
documents requested by the plaintiffs subject to entry of a stipulated protective
order.  See 7/6/16 Order (Doc. 55).  In addition, the Court held that the City
produce such documents after redacting the personal information of Officer Shynn.
See id.

3.     All documents produced by the City of Santa Ana that comprise the
Confidential Documents may be clearly designated as "CONFIDENTIAL" and be
placed in an envelope labeled as such prior to the disclosure.  The
"CONFIDENTIAL" designation shall be placed on the printed pages of the
Confidential Documents in a manner that does not overwrite or make illegible the
text of the document.

4.     Each person receiving any of the Confidential Documents shall not
disclose to any person or entity, in any manner, including orally, any of the
Confidential Documents or any of the information contained therein, except when
used for purposes of this litigation pursuant to this protective order.

5.     The Confidential Documents and all information contained therein,
may only be disclosed to the following "qualified" persons:

(a)     Counsel of record for the parties to this civil litigation;

(b)     Defendant City of Santa Ana and its employees, including, but not
limited to Officer Christopher Shynn,

(c)     Paralegal, stenographic, clerical and secretarial personnel regularly
employed by counsel referred to in subparagraph (a); and, investigators, expert
witnesses and other persons legitimately involved in litigation-related activities for
the counsel of record; and

(d)     Court personnel, including stenographic reporters engaged in such
proceedings as are necessarily incidental to preparation for the trial of this action.

(e)     With the exception of the Court and court personnel (who are subject
only to the Court's internal procedures regarding the handling of material filed or

PROTECTIVE ORDER RE COURT ORDERED PRODUCTION

lodged, including material filed or lodged under seal), all persons receiving a copy of the Confidential Documents shall, before receiving such protected information, be given a copy of this Protective Order and execute a compliance agreement wherein it is agreed that the recipient shall abide by all terms of this order and shall be bound by the terms of this order.  It shall be the responsibility of the respective attorneys to distribute compliance agreements, and then collect and maintain custody of the executed originals of the compliance agreements.

6.     To the extent any portion of the Confidential Documents contains an audio recording, transcript and/or summary of a statement and/or report given to SAPD by an independent witness who does not fall within one of the categories described in Paragraph 3 above, that selected portion of the Confidential Documents may be provided to the particular witness to which it pertains.

7.     The Confidential Documents may be disclosed to the Court and court personnel, in connection with this litigation.  Portions of the Confidential Documents that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use documents from Confidential Documents must both (a) apply to submit unredacted documents containing any portion of the Confidential Documents under seal and (b) file public versions of the same documents with the information from the Confidential Documents redacted.

8.     The parties shall make good faith efforts to consent to the use of "Confidential Documents" in pre-trial filings, and shall meet and confer to discuss redactions of particularly sensitive information before making use thereof.  Should a party challenge the designation of "Confidential Documents," that party must do so in good faith, and shall confer directly with counsel for the producing party before filing such a motion.

9.     In the event this matter proceeds to trial, to the extent that any of the

1    Confidential Documents are offered into evidence, those documents will become

2    public, unless sufficient cause is shown in advance of trial to proceed otherwise.

3        10.    The court reporter, videographer, and audiographer, if any, who

4    record all or part of any future deposition(s) in this matter, which include the

5    Confidential Documents or descriptions thereof, shall be subject to this Order and

6    precluded from providing any portions of the original deposition videotape,

7    audiotape, or exhibits which relate to the Confidential Documents or information

8    to any persons other than counsel of record, absent order of the court.

9        11.    Those attending any future deposition(s) shall be bound by this Order

10   and, therefore, shall not disclose to any person or entity, in any manner, including

11   orally, any documents from the Confidential Documents made by such person

12   during the course of said depositions.

13       12.    At any future deposition(s), should there be persons in attendance

14   who are not authorized to access to the Confidential Documents or information,

15   such persons shall be removed from the deposition room at any time information

16   relating to the Confidential Documents or protected information is disclosed or

17   discussed.

18       13.    The Confidential Documents shall be used solely in connection with

19   the preparation and trial of these consolidated actions, entitled lead case <u>M.M.Z., et</u>

20   <u>al. v. City of Santa Ana, et al.</u>, bearing lead case number 8:15-cv-00851-JLS

21   (DFMx), or any related appellate proceeding, and not for any other purpose,

22   including, without limitation, any other litigation or administrative proceedings or

23   any investigation related thereto.

24       14.    This Order may not be modified unless by written consent of the

25   parties and approval of the Court.  Any party may move for a modification of this

26   Order at any time.  Upon receipt and review of the documents produced pursuant

27   to this protective order, any party may move to remove the confidential

28   designation of any document after meeting and conferring with opposing counsel

1  and pursuant to the procedures governing discovery motions set forth in Local

2  Rule 37.

3      15.    This Order is made for the purpose of ensuring that the Confidential

4  Documents will remain confidential, unless otherwise ordered by the Court or in

5  response to a successful motion by a party made pursuant to Paragraph 14.

6      16.    At the conclusion of this litigation, upon request of defense counsel,

7  plaintiffs' counsel shall return the Confidential Documents to Steven J. Rothans,

8  Esq., Carpenter, Rothans & Dumont, 888 S. Figueroa Street, Suite 1960, Los

9  Angeles, California 90017.  Alternatively, the receiving parties and every other

10 person and/or entity who received originals or copies of the protected information

11 may destroy all such material and material derived therefrom within thirty (30)

12 calendar days after the conclusion of this case.  Additionally, within thirty (30)

13 calendar days after the conclusion of this case, counsel for the receiving parties

14 shall send a signed declaration stating that such material has been destroyed

15 pursuant to this Protective Order.

16     17.    Nothing in this Order shall be construed as authorizing a party to

17 disobey a lawful subpoena issued in another action.

18                          **<u>GOOD CAUSE</u>**

19     The parties submit that GOOD CAUSE exists to enter the proposed

20 protective order to balance the defendants' concerns that the documents consist of

21 police reports and private information concerning the parties to this litigation, as

22 well as individuals who are not parties to this litigation, as protected by the official

23 information privilege, law enforcement privilege and the right to privacy, as

24 ///

25 ///

26 ///

27 ///

28 ///

PROTECTIVE ORDER RE COURT ORDERED PRODUCTION

1  protected by the California and United States Constitution, with plaintiffs' right to

2  discovery in this litigation.  The parties agree that all documents marked

3  confidential and produced pursuant to this protective order are subject to the terms

4  of this protective unless otherwise ordered by the Court.

5          IT IS SO ORDERED.

6

7

8  DATED:  July 15, 2016

9                                          Honorable Douglas F. McCormick
                                           United States District Court
10                                         Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -
PROTECTIVE ORDER RE COURT ORDERED PRODUCTION